UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ENRIQUE M. RIOS,
and other similarly situated individuals,

    Plaintiff (s),

v.

DOOR XPRESS CORP.,
a/k/a STORAGE XPRESS, and
ANGEL A. NAVAS, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ENRIQUE M. RIOS and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants DOOR XPRESS CORP. a/k/a STORAGE XPRESS, and ANGEL A. NAVAS, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for half-time unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ENRIQUE M. RIOS is a resident of Miami-Dade County, Florida. Plaintiff was a covered employee for purposes of the Act.

3. Defendant DOOR XPRESS CORP. a/k/a STORAGE XPRESS (hereinafter STORAGE XPRESS, or corporate Defendant) is a Florida corporation doing business in Miami-Dade County, within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant ANGEL A. NAVAS was and is now, owner/president/and general manager of STORAGE XPRESS. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after August 2016, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant STORAGE XPRESS is a company providing services to the warehousing and storage business. Defendant sells and installs all kind of warehousing and storage systems, fixtures, and equipment. Defendant provides warehouse and storage installations across State lines.

8. Defendants STORAGE XPRESS and ANGEL A. NAVAS employed Plaintiff ENRIQUE M. RIOS as laborer/installer from approximately June 9, 2013, through August 18, 2018, or more than 5 years. However, For FLSA purposes Plaintiff' relevant period of employment is 105 weeks.

9. Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, Plaintiff was paid a wage rate of $14.00 an hour.

10. While employed with Defendants Plaintiff worked regularly 6 days per week from Monday to Saturday, and from 7:00 AM to 6:00 PM, which represents 10 hours daily or 60 hours weekly. Plaintiff has already deducted 6 hours corresponding to one (1) hour of lunch break by six (6) days.

11. Plaintiff worked under the supervision of the owner of the business ANGEL A. NAVAS.

12. Plaintiff worked in excess of 40 hours weekly regularly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

13. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

15. Plaintiff was paid by direct deposits, but Defendants did not give Plaintiff paystubs or records providing accurate information regarding accounting for days and hours

worked, wage rate, classification of the employee's labor, and withholdings of employment taxes.

16. On or about August 18, 2018, Plaintiff resigned from his position to pursue better employment opportunities.

17. Plaintiff ENRIQUE M. RIOS seeks to recover unpaid overtime wages that were never paid to him at the mandatory rate of time and a half his regular rate, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

19. Plaintiff re-adopt every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation

for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Defendant STORAGE XPRESS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant sells and installs warehouse and storage equipment to out of State companies. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times, pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

22. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff worked as a laborer/installer of warehousing's fixture and equipment and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce, but he crossed State lines to perform his work. Plaintiff was engaged in activities which are closely related and directly essential to the production of goods/services for interstate commerce. Therefore, there is FLSA individual coverage.

23. Defendants STORAGE XPRESS and ANGEL A. NAVAS employed Plaintiff ENRIQUE M. RIOS as laborer/installer from approximately June 09, 2013, through August 18, 2018, or more than 5 years. However, For FLSA purposes Plaintiff' relevant period of employment is 105 weeks.

24. Plaintiff was a non-exempted, full-time, hourly employee working more than 40 hours in a week period. During the relevant period, Plaintiff was paid a wage rate of $14.00 an hour.

25. While employed with Defendants Plaintiff worked regularly 6 days per week from Monday to Saturday, and from 7:00 AM to 6:00 PM, which represents 10 hours daily or 60 hours weekly. Plaintiff has already deducted 6 hours corresponding to one (1) hour of lunch break by six (6) days.

26. Plaintiff worked under the supervision of the owner of the business ANGEL A. NAVAS and other supervisors.

27. Plaintiff worked in excess of 40 hours weekly regularly. However, Defendants failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

28. Plaintiff did not clock-in and out, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendants willfully failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

30. Plaintiff was paid weekly by direct deposits, but Defendants did not provide Plaintiff paystubs or records providing accurate information regarding accounting

for days and hours worked, wage rate, classification of the employee's labor, and withholdings of employment taxes.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

    Fourteen Thousand Seven Hundred Dollars and 00/100 ($14,700.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 5 years plus 2 months
    Relevant weeks of employment: 105 weeks

    Total number of hours worked: 60 hours weekly
    Total number of overtime hours: 20 hours weekly
    Wage rate: $14.00 an hour x 1.5= $21.00 O/T rate
    O/T rate $21.00-$14.00 rate paid= $7.00 half-time difference

    Half-time O/T $7.00 x 20 O/T hours=$140.00 x 105 weeks=$14,700.00

 c. <u>Nature of wages (e.g. overtime or straight time):</u>

 This amount represents the unpaid half-time overtime.

35. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants STORAGE XPRESS and ANGEL A. NAVAS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant ANGEL A. NAVAS was and is now, the owner and general manager of STORAGE XPRESS. The Defendant ANGEL A. NAVAS was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of STORAGE XPRESS in relation to its employees, including Plaintiff and others similarly situated. Defendant ANGEL A. NAVAS had financial and operational control of

the business, determined working conditions of Plaintiff, and is jointly and severally liable for Plaintiff's damages.

38. Defendants STORAGE XPRESS and ANGEL A. NAVAS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ENRIQUE M. RIOS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants STORAGE XPRESS and ANGEL A. NAVAS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ENRIQUE M. RIOS actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ENRIQUE M. RIOS and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated:  August 23, 2019

        Respectfully submitted,

        By:  /s/ **Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*